UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARTIN HUGHES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-CV-00015-JRG-CRW |
| | ) | |
| RONNIE LAWSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Docs. 4, 6]. Now before the Court is a filing from Petitioner in which he seeks to add Respondents and claims to this action [Doc. 5]. The Court liberally construes this filing as an amended petition[1] for relief under § 2254 filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[2] Accordingly, the Clerk is **DIRECTED** to rename this filing [*Id.*] as Petitioner's first amended petition for relief under § 2254 on the Court's docket. However, for the reasons set forth below, the Court will not change the Respondent herein, and Petitioner's allegations regarding sentencing credits will be **DISMISSED**, as they do not state a cognizable claim. Accordingly, only Petitioner's claim regarding calculation of his sentence will proceed herein.

**I.   STANDARD**

Under Rule 4 of the Rules Governing § 2254 Cases, a judge must promptly examine a petition for § 2254 relief. Rule 4, Rules Governing § 2254 Cases. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] Petitioner is well-known to this Court for his continual attempts to supplement and/or amend his filings.
[2] To the extent that Petitioner required leave of Court to amend his petition under Rule 15(a), the Court grants him leave to do so.

judge must dismiss the petition . . . ." *Id.* This Rule "is designed to afford the judge flexibility" and authorizes the judge to "dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit." *Id.* advisory committee's note to 1976 adoption.

## II. RESPONDENT

First, in his amended petition, Petitioner again seeks to name Butch Gallion and the Tennessee Department of Correction's ("TDOC") Sentence Management Services ("SMS") as Respondents herein [*Id.* at 2–3]. However, the Court has already determined that Sheriff Ronnie Lawson is the proper Respondent herein [Doc. 6 at 1–2]. Thus, this action will proceed only against Respondent Sheriff Ronnie Lawson.

## III. CLAIMS

Additionally, in his amended petition, Petitioner indicates that, in this action, he seeks to assert (1) a claim that the TDOC has denied him and other prisoners the opportunity to earn sentence credits in a manner that violates their rights to due process and equal protection; and (2) a claim that TDOC SMS has miscalculated his sentence [Doc. 5 at 1–2].[3] The Court will address these claims in turn.

---

[3] Notably, in his motion to amend his petition, Petitioner states that he raised the claims he seeks to bring in this action in his previous action for § 2254 relief, specifically civil case 2:19-CV-152, *Hughes v. Washburn* (E.D. Tenn. Feb. 14, 2022) ("*Hughes I*") [*Id.* at 2]. If this were the case, Petitioner would have to obtain authorization from the United States Court of Appeals for the Sixth Circuit before proceeding herein. *See* 28 U.S.C. § 2244(b). But this does not appear to be true. Specifically, the Court has closely reviewed Petitioner's relevant *Hughes I* filings, *see id.* at Docs. 43, 46, 47, and compared those filings with Petitioner's claims for § 2254 relief in this action [Docs. 4, 5]. Based on this review, it appears to the Court that, in this action, Petitioner challenges a different sentence than the sentence he challenged in *Hughes I*, albeit through similar claims. Thus, the Court will not require Petitioner to obtain authorization from the Sixth Circuit to proceed in this action at this time.

### A. Sentence Credit Claims

Petitioner first states that he seeks to challenge Tenn. Code Ann. § 41-21-236 because it permits the TDOC to violate prisoners' due process and equal protection rights through a system in which certain prisoners are able to earn good time credits due to where they are housed, which Petitioner asserts "is not only a constitutional violation to certain inmates being afflicted by it, but also is harming the entire state, it[]s economy too by assisting to promote prison overcrowding" [Doc. 5 at 1]. Petitioner specifically claims that the Hawkins County Jail, which is where he is housed, has no classification under which TDOC prisoners may receive work credits that would decrease their sentences [*Id.*].

However, to the extent Petitioner seeks to challenge TDOC's application of Tenn. Code Ann. § 21-41-236 to other prisoners, he lacks standing to do so. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989).

Also, to the extent Petitioner claims that TDOC's act of housing him in the Hawkins County Jail has violated his constitutional rights by denying him the opportunity to earn work credits towards his sentence, he does not have a constitutional right to employment while he is incarcerated, nor does he have a protected right to earn sentencing credits, such that the denial of his ability to earn such credits could violate his right to due process. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs"); *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (providing that "inmates have no inherent constitutional right to good time credit," though a state may create a statutorily protected right to such credits); *Elsea v. Parris*, No. 3:22-CV-424, 2022 WL 17474445, at *5 (E.D. Tenn. Dec. 6, 2022) (holding that Tennessee prisoners do not have a

3

constitutional or statutory right to earn sentence credits, as such credits are discretionary under Tenn. Code Ann. § 41-21-236(a)(2)).

Moreover, Petitioner's allegation that his inability to earn work credits to decrease his sentence violates his right to equal protection also fails to state a cognizable claim. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "To state an equal protection claim, a [litigant] must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Petitioner does not have a fundamental right to work credits towards his sentence. *See Franklin v. Curtain*, 2010 WL 2232228, at *3 (E.D. Mich. May 27, 2010) (citing *Hansard*, 980 F.2d at 1062). Moreover, prisoners are not a suspect class, *see Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), and Petitioner does not plead that he is part of any other suspect class. Petitioner also does not plead that there is no rational basis for his inability to earn sentencing credits in the Hawkins County Jail. Accordingly, Petitioner's allegation that his inability to earn sentence credits violates his right to equal protection also fails to state a cognizable claim.

As such, Petitioner's claim challenging his inability to earn sentencing credits [*Id.*] is **DISMISSED**.

B.     **Sentence Calculation Claim**

Petitioner also states that he seeks to raise a claim challenging his eleven-year sentence in this action, specifically asserting that he began serving this sentence on October 20, 2013, but

4

TDOC records indicate that the full expiration date for that sentence will be April 29, 2025, which is beyond the maximum sentence [Doc. 5 at 2]. Petitioner therefore requests that the Court require Butch Gallion and TDOC SMS to answer his allegation that this violates his constitutional rights, as well as a full audit of his relevant sentence [*Id.* at 3]. This claim will proceed herein only against Respondent Sheriff Lawson for the reasons set forth above.

Accordingly, the Clerk is **DIRECTED** to serve Respondent with a copy of the amended petition [*Id.*] and this order, and Respondent is hereby **ORDERED** to file both the state court record and an answer or other response to the amended petition within sixty days of the date of entry of this order. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In his answer or other response, Respondent should state whether the amended petition is timely and whether Petitioner has exhausted his available state court remedies prior to filing this action. 28 U.S.C. §§ 2244(d), 2254(b). If Petitioner chooses to file a reply, he shall do so within twenty-one days of the response.

IV. **CONCLUSION**

For the reasons set forth above:

1. The Clerk is **DIRECTED** to rename Petitioner's most recent filing [*Id.*] as Petitioner's first amended petition for relief under § 2254 on the Court's docket;

2. However, this action will proceed only against Respondent Sheriff Lawson, and Petitioner's claim challenging his inability to earn sentence credits is **DISMISSED**;

3. The Clerk is **DIRECTED** to serve Respondent with a copy of the amended petition [*Id.*] and this order;

4. Respondent Sheriff Lawson is hereby **ORDERED** to file both the state court record and an answer or other response to the amended petition within sixty days of the date of entry of this order. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In his answer or other response, Respondent should state whether the amended petition is timely and whether Petitioner has exhausted his available state court remedies prior to filing this action. 28 U.S.C. §§ 2244(d), 2254(b).

5. If Petitioner chooses to file a reply, he shall do so within twenty-one days of the response.

6. Petitioner is **NOTIFIED** that the Court will not look favorably on any future attempts to amend and/or supplement the petition in this case; and

7. Petitioner is **ORDERED** to immediately inform the Court and Respondent Sheriff Lawson of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE