UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MARTIN HUGHES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 2:23-CV-015-JRG-CRW |
| RONNIE LAWSON, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION

Petitioner, a state prisoner, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is proceeding only as to his claim that the Tennessee Department of Correction ("TDOC") miscalculated the time he served for an eleven-year sentence for which he was in custody when he filed this action [Doc. 4 at 1; Doc. 5 at 2; Doc. 8 at 4–5]. Now before the Court is Respondent's motion to dismiss the petition as moot [Doc. 10], in support of which he filed the state court record [Doc. 9], a memorandum [Doc. 11], an affidavit from a TDOC administrative service assistant regarding calculation of the relevant sentence [Doc. 11-2], and a TDOC document indicating that the relevant sentence ended on May 1, 2023 [Doc. 11-3 at 2], among other things. Petitioner filed a response in opposition to Respondent's motion in which he argues that the record establishes that TDOC miscalculated his sentence and held him longer than allowed by law, which he alleges "caused him a longer sentence on the misdemeanor sentence he is [] [serving] now," as that sentence otherwise would be over [Doc. 12 at 1–3]. For the reasons set forth below, the Court agrees with Respondent that, as the sentence Petitioner challenges in this action has expired, this action is moot. As such, Respondent's motion [Doc. 10] will be **GRANTED**, and this action will be **DISMISSED**.

The United States Constitution provides that a federal court has jurisdiction only over actual "cases" or "controversies." U.S. Const. art. III, § 2. When a case no longer presents "'live'" issues, or the parties do not have "'a legally cognizable interest in the outcome,'" it is moot. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (quoting *L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). In other words, mootness asks if there is a justiciable controversy throughout the lawsuit. *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490 (6th Cir. 2017); *see also In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016) ("[Mootness] is akin to saying that although an actual case or controversy once existed, changed circumstances have intervened to destroy standing" (quoting *Allen v. Mansour*, 928 F.2d 404, at \*1 (6th Cir. 1991))). A case is nonjusticiable "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 306 (2012).

After a habeas petitioner's sentence has expired, his case is moot unless "some concrete and continuing injury other than the now-ended incarceration" exists. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968)). Where a habeas petitioner challenges a criminal conviction, the petitioner's release from his confinement due to that conviction does not moot his petition, because a criminal conviction generally has continuing collateral consequences. *See id.* But where a habeas petitioner challenges only a fully discharged sentence, expiration of the sentence moots that challenge. *See id.* at 7–8; *United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) ("'[I]f a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired.'" (quoting *United States v. Goldberg*, 239 F. App'x 993, 994 (6th Cir. 2007))).

2

As set forth above, Petitioner's only claim proceeding in this action alleges that TDOC miscalculated the time he served for an eleven-year sentence, for which he was in custody at the time he filed this action [Doc. 4 at 1; Doc. 5 at 2; Doc. 8 at 4–5]. But the record establishes, and Petitioner does not dispute, that Petitioner has now fully discharged that eleven-year sentence [Doc. 11-3; Doc. 12]. Thus, even if TDOC miscalculated Petitioner's challenged sentence, this Court cannot grant Petitioner any relief due to this alleged miscalculation, as Petitioner is not suffering any continuing injury due to this alleged miscalculation.

In his response in opposition to Respondent's motion to dismiss the petition, Petitioner asserts that the alleged miscalculation of his eleven-year sentence has caused him to serve a longer sentence for the misdemeanor conviction for which he is currently in custody, which "would already be over," and therefore claims that a favorable outcome in this case would free him from his current incarceration [Doc. 12 at 1]. While this allegation is conclusory and somewhat ambiguous, the Court liberally construes it to allege that Petitioner's misdemeanor sentence for which he is now in custody (since his challenged eleven-year sentence ended) would have ended already, if not for TDOC's alleged miscalculation of the eleven-year sentence he challenges in this action, and that his claim proceeding herein therefore is not moot [Doc. 12 at 2].

But even if the Court accepts this conclusory assertion as true, this is only an indirect way of attacking the alleged miscalculation of his now-ended sentence, for which the Court cannot grant Petitioner any relief due to the expiration of that sentence. In other words, even if TDOC's alleged miscalculation of Petitioner's eleven-year sentence caused Petitioner to begin serving his current misdemeanor sentence later than he otherwise would have, this is not a collateral consequence of the eleven-year sentence but rather an injury directly due to the calculation of that sentence, which has ended. *Spencer*, 523 U.S. at 7 (providing that a habeas case is moot unless

3

"some concrete and continuing injury **other than** the now-ended incarceration" exists (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968)).

The Court is not blind to the logic in Petitioner's theory that, if TDOC did miscalculate his eleven-year sentence in the manner he alleges herein, any extra time he served for that eleven-year sentence should count towards his current misdemeanor sentence. But this Court is unaware of any legal theory under which it could grant Petitioner relief from the misdemeanor sentence he is currently serving, as Petitioner did not challenge that sentence in this action and was not in custody for that sentence at the time he filed this action. 28 U.S.C. § 2241(c)(3) (federal courts only have jurisdiction to entertain petitions for habeas corpus relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States"); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (providing that "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed" (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968))).

Thus, Petitioner's only pending claim in this action is moot, Respondent's motion to dismiss the petition as moot [Doc. 10] will be **GRANTED**, and this action will be **DISMISSED**.

The Court must now consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a COA may issue only where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

4

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not find the Court's procedural ruling that this action is moot debatable, a COA will not issue.

Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
